# DUNNEGAN LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

August 25, 2009

By Hand

Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, New York 10007-1312



Re: Elsevier v. UnitedHealth Group
    09 Civ. 2124 (WHP)

Dear Judge Pauley:

We are attorneys for plaintiffs in the above action. In addition to 1,307 registered copyrights, this case involves 7,786 non-United States copyrights, which plaintiffs have not registered with the United States Copyright Office.

As the Court directed at the June 9, 2009 conference, we are writing (i) to briefly explain the basis of our proposed motion for a ruling that 17 U.S.C. § 412, which requires registration as a condition to an award of statutory damages and attorneys' fees, is unconstitutional because it is inconsistent with Article 5(2) of the Berne Convention, and (ii) to request that the Court set a briefing schedule on that motion. While we understand that any argument that a federal statute is unconstitutional faces an uphill battle, we believe that we have a serious argument that merits a close examination.

The Proposed Motion

17 U.S.C. § 412 provides that in any copyright action, registration is a prerequisite to the recovery of

*The Court will hold a telephone conference to address Plaintiff's proposed motion on Sept. 9, 2009 at 12:00 pm*

SO ORDERED:

*[signature]*

WILLIAM H. PAULEY III U.S.D.
9/8/09

Hon. William H. Pauley III
August 25, 2009
Page 2 of 3

statutory damages pursuant to 17 U.S.C. § 504 and attorneys' fees pursuant to 17 U.S.C. § 505.

Section 412, effective in 1978, is inconsistent with Article 5(2) of the Berne Convention, to which the United States acceded in 1989. Article 5(2) provides in part:

> "Article 5 - Rights Guaranteed....
>
> (1) Authors shall enjoy, in respect of works for which they are protected under this Convention, in countries of the Union other than the country of origin, the rights which their respective laws do now or may hereafter grant to their nationals, as well as the rights specially granted by this Convention.
>
> (2) The enjoyment and the exercise of these rights shall not be the subject to any formality...." (Emphasis added.)

We submit that an inconsistency exists between § 412 and Article 5(2) of the Berne Convention. The right to file and prosecute a lawsuit is substantially impaired if statutory damages and attorneys' fees are not available. By conditioning those remedies upon the formality of filing a copyright registration, § 412 impairs the "enjoyment and the exercise" of the right to file and prosecute a copyright lawsuit. While Congress recognized that the Berne Convention eliminated the requirement of registration as a condition to filing a lawsuit, Congress failed to recognize that the availability of statutory damages and attorneys' fees are essential to the "enjoyment and the exercise" of the right to file and prosecute a lawsuit for copyright infringement. Please see the attached pages from the Senate Report.

In addition, we submit that the Berne Convention is a self-executing treaty. A self-executing treaty is one which does not depend upon legislation to become a source of United States law. Medellin v. Texas, 128 S. Ct. 1346, 170 L. Ed. 2d 190 (2008). The Supreme Court, and not Congress or the President, determines whether a treaty is self-executing. Id. Determining whether a treaty is self-

Hon. William H. Pauley III
August 25, 2009
Page 3 of 3

executing is often difficult. In Medellin, the Supreme Court split 5-4 on that issue. But see Football Association Premier League Ltd. v. YouTube, Inc., 2009 U.S. Dist. LEXIS 57438 (S.D.N.Y. April 3, 2009).

If (i) § 412 is inconsistent with Article 5(2) of the Berne Convention, and (ii) the Berne Convention is a self-executing treaty, the § 412 would be unconstitutional.

Holding § 412 unconstitutional would allow Elsevier to seek minimum statutory damages of $750 for each of the 7,786 unregistered copyrights identified in Schedule B to the complaint, or $5,838,500.

The Proposed Briefing Schedule

The Court should not entertain this issue for the first time during a charging conference.

At the June 9, 2009 conference, counsel for UHG objected to setting a briefing schedule for this motion because he asserted that there was "discovery" that should take place first. We have endeavored to determine the extent of this "discovery," but have not been able to do so. The number of copyrights involved suggests that an attempt to "knock out" copyrights through discovery could not eliminate the need for the Court to address this issue.

We therefore suggest that the Court set the following schedule: Plaintiffs' motion, September 15, 2009; Defendants' opposition, October 15, 2009; and Plaintiffs' reply October 31, 2009

Respectfully yours,

*William Dunnegan*

William Dunnegan

Cc: Sri K. Sankaran, Esq.
    (By E-Mail)