UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ELSEVIER B.V., ELSEVIER INC.,           :
and MOSBY, INC.,                        :
                                        :
                    Plaintiffs,         :   09 Civ. 2124 (WHP)
                                        :
        -against-                       :   MEMORANDUM AND ORDER
                                        :
UNITEDHEALTH GROUP, INC., ACN           :
GROUP, INC., OPTIMUM CHOICE, INC.,      :
OVATIONS, INC., UNIPRISE, INC., UNITED  :
BEHAVIORAL HEALTH, INC., INGENIX, INC., :
and ABC COMPANY Nos. 1-10,              :
                                        :
                    Defendants.         :
----------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Elsevier B.V., Elsevier Inc., and Mosby, Inc. (collectively "Elsevier") own or exclusively license copyrights in scientific books and journals which they offer to subscribers to their on-line database, ScienceDirect®. Elsevier seeks a declaration that the statutory damages and attorney's fee provisions of § 412 of the Copyright Act of 1976, 17 U.S.C. § 412, violate the Supremacy Clause of Article VI of the United States Constitution, as applied to unregistered foreign copyrights. For the following reasons, Elsevier's motion is denied.

Background

        Elsevier is a leading provider of professional information. ScienceDirect® offers access to more than 6,000 books and 2,500 journals. A large percentage of those publications are created abroad. Their foreign copyrights have not been registered in the United States. (Compl. ¶¶ 17-18.) Elsevier alleges that Defendant Ingenix, Inc. ("Ingenix") violated the terms

of its subscriber agreement with Elsevier by allowing unauthorized access to the ScienceDirect® database. Elsevier also claims that Ingenix's affiliates—Defendants UnitedHealth Group, Inc., ACN Group, Inc., Optimum Choice, Inc., Ovations, Inc., Uniprise, Inc., United Behavioral Health, Inc., and ABC Company Nos. 1-10 (the "Infringing Defendants")—violated Elsevier's copyrights, including those in foreign works, by accessing certain publications. This motion relates to Elsevier's infringement claim concerning unregistered foreign copyrights.

Specifically, Elsevier asserts that Article Five of the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention") conflicts with § 412 to the extent that it conditions an award of statutory damages and attorney's fees for infringement of a Berne Convention copyright on the registration of that copyright in the United States.

Discussion

I. Standing

To challenge the constitutionality of a statute, a plaintiff "must show that the alleged unconstitutional feature of the statute injures him." United States v. Herrera, 584 F.2d 1137, 1148 (2d Cir. 1978); see also Pac. Capital Bank, N.A. v. Connecticut, 542 F.3d 341, 350 (2d Cir. 2008). In this action, Elsevier asserts a claim for copyright infringement against Defendants, seeking, inter alia, statutory damages and attorney's fees. Elsevier's current application bears directly on its ability to recover statutory damages and attorney's fees for unregistered foreign copyrights. Accordingly, Elsevier has standing to challenge § 412.

II. The Berne Convention

Article Five of the Berne Convention provides that "the enjoyment and the exercise of [rights under the Convention] shall not be subject to any formality." Elsevier argues

2

that the Berne Convention superseded § 412 of the Copyright Act of 1976 because statutory damages and attorney's fees are integral to the enjoyment and exercise of foreign copyrights. That argument requires a finding that the Berne Convention was self-executing and became law upon ratification. Some, but not all, treaties are "self-executing" and automatically have effect as domestic law. See, e.g., Medellin v. Texas, 128 S. Ct. 1346, 1356 (2008). "While treaties may comprise international commitments . . . they are not domestic law unless Congress has either enacted implementing statutes or the treaty itself conveys an intention that it be 'self-executing' and is ratified on these terms." Medellin, 128 S. Ct. at 1356 (internal quotation marks and citations omitted). "A treaty is equivalent to an act of the legislature, and hence self-executing, when it operates of itself without the aid of any legislative provision. When, in contrast, [treaty] stipulations are not self-executing they can only be enforced pursuant to legislation to carry them into effect." Medellin, 128 S. Ct. at 1356 (internal quotation marks and citations omitted).

In adopting the Berne Convention Implementation Act of 1988 (the "Implementation Act"), Congress declared that the Berne Convention was "not self-executing under the Constitution and laws of the United States"; that "[t]he obligations of the United States under the Berne Convention may be performed only pursuant to appropriate domestic law"; and that "[t]he amendments made by this Act . . . , together with the law as it exists on the date of the enactment of this Act [October 31, 1988], satisfy the obligations of the United States in adhering to the Berne Convention and no further rights or interests shall be recognized or created for that purpose." Berne Convention Implementation Act of 1988, Pub. L. No. 100-568 § 2, 102 Stat. 2853 (codified as amended at 17 U.S.C. § 101 et seq.). Indeed, the Implementation Act was enacted explicitly "to make the changes to the U.S. copyright law . . . necessary for the United

3

States to adhere to the Berne Convention." S. Rep. No. 100-352, at 1 (1988). For example, the Implementation Act limits § 411's pre-registration requirement—a condition to filing an infringement suit—to domestic copyrights. 17 U.S.C. § 411; The Football Ass'n Premier League Ltd. v. YouTube, Inc., 633 F. Supp. 2d 159, 162 (S.D.N.Y. 2009). However, Congress did not amend § 412.

The Implementation Act's legislative history indicates that Congress considered the impact of the Berne Convention on § 412 and chose not to amend that provision. The Senate Report provides:

> After considering extensive testimony and submissions on this topic, the committee has concluded that section 411(a) in its current form is incompatible with Article 5(2) of Berne. The committee recognizes that this conclusion is not free from doubt, but on the record before it, the committee is persuaded that the requirement of registration as a prerequisite to an infringement lawsuit is a prohibited formality. On the other hand, it has concluded that the statutory incentives for registration contained in the provisions of sections 410(c), 412, and 205 of the Copyright Act are not preconditions for the 'enjoyment and exercise' of copyright. While those provisions substantially enhance the relief available to the proprietor of a registered work, they do not condition the availability of all meaningful relief on registration, and therefore are not inconsistent with Berne.

Senate Report No. 100-352, at 14 (1988). While Elsevier argues that the Senate applied an erroneous standard for determining whether § 412 and the Berne convention conflict—a question this Court need not reach—the Senate's report evinces its clear conclusion that the Berne Convention is not self-executing.

Every judge in this district who has considered whether the Berne Convention is self-executing has concluded that it is not. See, e.g., The Football Ass'n, 633 F. Supp. 2d at 164 ("Even if Section 412 were in conflict with the Berne Convention, Section 412 would be binding. The Berne Convention has no effect on U.S. law unless Congress so provides, and

4

Congress left Section 412 'unaffected' by the Berne Convention Implementation Act."); Carell v. Shubert Org. Inc., 104 F. Supp. 2d 236, 259 (S.D.N.Y. 2000) ("[N]either the Berne Convention nor the UCC are self-executing treaties, and the Berne Convention Implementation Act of 1988 . . . provides inter alia that the provisions of the Convention shall not be enforceable in any action brought pursuant to the provisions of the Berne Convention itself."); Bridgeman Art Library Ltd. v. Corel Corp., 36 F. Supp. 2d 191, 195 (S.D.N.Y. 1999) ("Although the Supreme Court has not yet decided the point, it seems quite clear at this point that the Berne Convention is not self-executing.").

Further, the text of the Berne Convention itself indicates that it is not self-executing. Article 36 provides:

> (1) Any country party to this Convention undertakes to adopt, in accordance with its constitution, the measures necessary to ensure the application of this convention.
>
> (2) It is understood that, at the time a country becomes bound by this Convention, it will be in a position under its domestic law to give effect to the provisions of this Convention.

Berne Convention Article 36. While no court of appeals has considered whether the Berne Convention is self-executing, several circuits have construed similar language in the International Convention for the Protection of Industrial Property (the "Paris Union") to render that treaty non-self-executing. See In re Rath, 402 F.3d 1207, 1210 (Fed. Cir. 2005) (finding it "plain" that the Paris Union is not self-executing based on Article 25, which states that "[a]ny country party to this Convention undertakes to adopt, in accordance with its constitution, the measures necessary to ensure the application of this Convention" and that "[i]t is understood that, at the time a country deposits its instrument of ratification or accession, it will be in a position under its domestic law to give effect to the provisions of this Convention"); Int'l Café,

S.A.L. v. Hard Rock Café Int'l, Inc., 252 F.3d 1274, 1277 n.5 (11th Cir. 2001) (concluding that the Paris Union is not self-executing because, on its face, it provides for effectiveness through domestic implementation legislation); Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1298-99 (3d Cir. 1979) (finding same language "at odds with contention" that Paris Union is self-executing); Ortman v. Stanray Corp., 371 F.2d 154, 157 (7th Cir. 1967) (finding Paris Union non-self-executing). But see Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 640 (2d Cir. 1956) (stating, in dicta, that "Plaintiff would appear to be correct in arguing that no special legislation in the United States was necessary to make the [Paris Union] effective here"); ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 161 (2d Cir. 2007) (noting that statement in Vanity Fair Mills is dicta and that other circuits have reached a contrary conclusion).

Finally, Elsevier's reliance on Bacardi Corp. of Am. v. Domenech, 311 U.S. 150, 160-61 (1940), is misplaced. There, the Supreme Court held that the General Inter-American Convention for Trademark and Commercial Protection, Feb. 20, 1929, 46 Stat. 2907, was self-executing because Article 35 provided that it "shall have the force of law in those States in which international treaties possess that character, as soon as they are ratified by their constitutional organs," and there was no other reference in the treaty to the need for subsequent legislation to give it domestic effect. Bacardi, 311 U.S. at 159-61. In contrast, Article 36 of the Berne Convention contains no such categorical statement. Rather, it provides only that, "at the time a country becomes bound by this Convention, it will be in a position under its domestic law to give effect to the provisions of this Convention." Berne Convention Art. 36. The Implementation Act positioned the United States to give effect to the provisions of the Berne Convention.

Since the Berne Convention is not self-executing, it cannot serve as the basis for a claim of preemption under Article VI of the United States Constitution. Accordingly, this Court

need not reach the question of whether Article Five of the Berne Convention and § 412 of the Copyright Act of 1976 conflict.

## CONCLUSION

For the foregoing reasons, Elsevier's motion for a declaration that the statutory damages and attorney's fee provisions of § 412 of the Copyright Act of 1976 violate the Supremacy Clause of Article VI of the United States Constitution, as applied to unregistered foreign copyrights, is denied.

Dated: January 14, 2010
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

William Dunnegan, Esq.
Laura Jean Scileppi, Esq.
Dunnegan LLC
350 Fifth Avenue
New York, NY 10118
*Counsel for Plaintiffs*

Sri Krishna Sankaran, Esq.
Devan V. Padmanabhan, Esq.
Dorsey & Whitney, LLP (MN)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

Paul Douglas Ackerman, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177
*Counsel for Defendants*