*Application Granted. The Court will hold a telephone conference on June 17, 2010 at 11:30 a.m.*

**DUNNEGAN LLC**
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/10

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III U.S.D.J.
6/14/10

212-332-8300
212-332-8301 TELECOPIER

June 10, 2010

By Hand

Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, New York 10007

RECEIVED
JUN 11 2010
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

        Re: <u>Elsevier v. UnitedHealth Group</u>
            09 Civ. 2124 (WHP)

Dear Judge Pauley:

    We are attorneys for plaintiffs in the above action. <u>We are writing to request that the Court schedule a conference to address whether the Court should overrule the order of Magistrate Judge Maas entered June 8, 2010</u> pursuant to 28 U.S.C. § 636(b)(1)(A), denying our motion for a protective order.

    In essence, Magistrate Judge Maas ruled that plaintiffs' request for a protective order to prevent the disclosure of its Source Code for the ScienceDirect® database could be addressed at a later date, and was therefore "premature." As explained below, we believe that this ruling was clearly erroneous and that the protective order should be granted or, alternatively, denied. Holding the issue in abeyance interferes with the making of plaintiffs' mini-motion for summary judgment scheduled to be filed on June 30, 2010, which defendants have stated that they intend to oppose in reliance upon Rule 56(f).

    I.    <u>Basis of the Motion for a Protective Order</u>

    Defendants served a discovery request seeking production of the Source Code for the ScienceDirect database. In connection with the anticipated mini-motion, we sought to

Hon. William H. Pauley III
June 10, 2010
Page 2

confirm that defendants would withdraw this request on the basis that the Source Code would be highly expensive for defendants to review and that it would likely yield defendants little, if any, admissible evidence given the documents that plaintiffs have already produced concerning the operations and accuracy of the ScienceDirect® database.

    We accordingly wrote to Magistrate Judge Maas seeking a protective order. By letter dated June 4, 2010, a copy of which is enclosed, we argued that

- The Source Code was a trade secret that rested at the heart of a billion dollars in annual revenue, and was therefore too sensitive to disclose. Viacom International Inc. v. YouTube Inc., 253 F.R.D. 256 (S.D.N.Y. 2008)("the protections set forth in the stipulated confidentiality order are careful and extensive, but nevertheless, not as safe as non-disclosure.")

- Assembling the Source Code for production to defendants would involve a massive effort on the part of plaintiffs, requiring 400 man hours, of 6 computer professionals over 60 days.

- The enormity of the effort to produce the Source Code would be dwarfed by the effort necessary for defendants to examine it. The Source Code contains more than 2 million lines of code. Even if a computer professional could examine 100 lines of code each hour, it could take 20,000 man hours to examine the Source Code. At $80 per hour, a modest rate for a level of skill involving the computer language, examination of the Source Code would cost defendants $1,600,000.

II.    <u>Defendants' Opposition to the Protective Order</u>

    Rather than oppose the motion on the merits, defendants argued that the issue should be deferred because they might withdraw the request in the future.

DUNNEGAN LLC

Plaintiffs argued in response that defendants were using this as a means to set up a Rule 56(f) defense to the mini-motion. In response to plaintiffs' letter to Your Honor requesting permission to make that mini-motion, Mr. Sankaran on April 23, 2010 wrote: "Defendants oppose the motion. It is premature. It would not move the case forward. <u>Defendants' response would include a motion under Rule 56(f)</u>." (Emphasis added.)

### III. The Ruling of The Magistrate Judge

The Magistrate Judge denied the motion as premature in a three sentence, handwritten ruling, a copy of which is enclosed.

### IV. The Clear Need for a Ruling On the Motion

If the motion for a protective order is held in abeyance, defendants will use it as a basis to oppose the Rule 56(f) motion. If the motion is granted, it is no longer an issue in the case. If the motion is denied on the merits, plaintiffs can begin the process of assembling the source code to minimize any delay in the making of their mini-motion.

In failing to recognize those facts and resolve the merits of the motion, the Magistrate Judge acted in a clearly erroneous manner, that upsets the disposition of the merits of this action.

Respectfully yours,

*William Dunnegan* SM

William Dunnegan

Cc: Sri K. Sankaran, Esq. (By e-mail)